The Honorable Timothy P. Green Representative, District 71 State Capitol Building, Room 115A Jefferson City, Missouri 65101
Dear Representative Green:
This opinion is in response to your question asking:
 Must state agencies comply with the conditional use permits and/or zoning regulations of a city prior to use of property or construction of proposed facilities?
We understand your question relates to state construction of various public facilities on state-owned land within a fourth class city.
In Paulus v. City of St. Louis, 446 S.W.2d 144 (St.L. App. 1969), the court held that an ordinance requiring a city building permit fee for construction did not apply to the state's construction of a state hospital on state property. The court stated "that an ordinance does not apply to a state with reference to its own property unless the charter expressly gives the city authority to bind the state or the state waives its right to regulate its property." Id. at 150.
In State v. Kopp, 330 S.W.2d 882 (Mo. 1960), the Missouri Supreme Court held that a fourth class city constructing sewer lagoons pursuant to statutory authority was not subject to the local zoning ordinances of the county in which the lagoons were located. The court stated "the authority to regulate and restrict the location and use of buildings and lands . . . relates to private property and . . . is not to be broadened to include a public use of property by the state. . . ." Id. at 888. With regard to the statute authorizing the county to regulate the use of land, the court stated that "[t]he state and its agencies are not within the purview of a statute unless an intention to include them is clearly manifest, especially where prerogatives, rights, titles or interests of the state would be divested or diminished." Id. In a statement directly relating to your question, the court, quoting McQuillin on Municipal Corporations, stated "[z]oning restrictions cannot apply to the state or any of its agencies vested with the right of eminent domain in the use of land for public purposes. Id.
at 889. The court held also that the fact that the city inKopp had acquired rights in the lands by private negotiations and agreement with the owners, and not by eminent domain, did not change the holding of the case. Id.
Section 89.020, RSMo Supp. 1990, authorizes cities to regulate the use of land and the construction of buildings within the city. There is nothing within that section which specifically authorizes cities to regulate the use of state-owned property or the construction by the state of public facilities on that property. Based on the cases discussed above, the state or state agencies are not required to comply with conditional use permit regulations or zoning regulations unless the city has specific authority to regulate the use of state property or the construction of public facilities on that property, or unless the state has consented to such regulation. Therefore, we conclude state agencies are not required to comply with conditional use permit regulations or zoning regulations of a fourth class city in using state-owned property within the city or constructing public facilities on such property.
CONCLUSION
It is the opinion of this office that state agencies are not required to comply with conditional use permit regulations or zoning regulations of a fourth class city in using state-owned property within the city or constructing public facilities on such property.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General